**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE:  Kristy Clem | ) | Case No. |
| | ) | |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| **Carrington Mortgage Services, LLC** | ) | |
| 1600 Douglas Road, unit 200A | ) | |
| Anaheim, CA 92806 | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through her attorney, and, for his Complaint alleges as follows:

## APPLICABLE CASE LAW

1. In *Evory vs. RJM Acquisitions Funding, LLC*, 505 F.3d 769, (7th Cir. 2007), the Seventh Circuit stated that any communication sent to a lawyer must comply with the requirements set fourth in 15 U.S.C. Section 1692g.

2. Statements regarding is read through the eyes of a "competent lawyer, as stated in *Bravo vs. Midland Credit Mgmt., Inc.,* 2014 WL 6980438, at 4 (N.D. Ill. Dec. 9, 2014)

3. When examining statements sent to a consumer's Attorney, determining if such statements violate 15 U.S.C. Section 1692e is measured by whether such statements would mislead a "competent lawyer." *Evory* at 773.

4. In *Captain vs. ARS National Services, Inc.*, 636 F. Supp.2d 791, (S.D. Ind. 2009), the Court made clear it does not matter if a lawyer receiving a threat towards his/her client knows that it is an illegal threat, it matters if the competent lawyer would believe that the Debt Collector could make good on the threat. *Id.*

5. Communications can simultaneously seek to enforce a security interest and collect upon the underlying debt that gave rise to the security interest." *Helman v. Udren Law Offices, P.C.*, 85 F. Supp. 3d 1319, 1325 (S.D. Fla. 2014).

## JURISDICTION AND VENUE

6. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

7. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

8. Plaintiff, Kristy Clem (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

9. Kristy Clem's former name is Kristy Baumgardner.

10. Plaintiff is a resident of the State of Illinois.

11. Defendant, Carrington Mortgage Services, LLC ("Defendant"), is a California business entity with a corporate head office at 1600 Douglas Road, unit 200A, Anaheim, CA 92806, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

12. Unless otherwise stated herein, the term "Defendant" shall refer to Carrington Mortgage Services, LLC.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

13. The Plaintiff allegedly incurred a financial obligation to original creditor.

14. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5).

15. On November 15, 2017, Defendant sent a letter regarding loss mitigation opportunities to Plaintiff's Counsel. See Exhibit A.

16. The letter stated "[T]his letter is to notify you that Carrington Mortgage

Services, LLC ("CMS") may have the following Loss Mitigation opportunities available to help your client while proceedings are underway." See Exhibit A.

17. Options in said letter included: (1) Loan Modifification, (2) Deed-in-lieu of Foreclosure and (3) Short Sale/Short Payoff

18. Next, said letter states "[P]lease note the above options may be available prior to discharge or dismissal, without requiring relief from the automatic stay, and in the case of a Chapter 7 bankruptcy, without requiring re-affirmation of the debt." See Exhibit A.

19. At the bottom of the letter it states "[W]e are available to provide instruction sufficient to facilitate workout discussions, including documentation and timeframe requirements. Please contact us, toll free, at 1.800.790.9502 Monday through Friday between 8:00am-8:00pm (Eastern Time)." See Exhibit A

20. The next page lists several **"IMPORTANT DISCLOSURES."** See Exhibit A.

21. One of the disclosures states: "[W]e may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. As required by law, you are hereby notified that a negative credit report reflecting on your credit report may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations." See Exhibit A.

22. Next, Defendant provides a form in the same correspondence that states **"SAVE YOUR HOME" "Tips to Avoid Foreclosure"** See Exhibit B.

23. Right away, it states "[C]ontact your lender right away. You can find a contact number on your mortgage statement"

24. Then it states **"NOTHING IS WORSE THAN DOING NOTHING"** See Exhibit B

25. The letter goes on to give mortgage assistance suggestions and

provide a form for mortgage assistance.

26. Speaking to the statement in paragraph 21 of this Complaint, it is illegal to report delinquent payments for a debt that has been Discharged in a Chapter 7 Bankruptcy.

27. Plaintiff's Counsel very much believes that if Plaintiff does not make payments on the mortgage Defendant will report the delinquent payments to the credit bureaus.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Defendant violated Section 1692e by making a threat and/or presenting consequences to the Plaintiff's Attorney that will not legally come to pass.

30. Plaintiff is entitled to damages as a result of Defendants' violations.

## STANDING AND INJURY

31. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

32. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

33. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

34. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## JURY DEMAND

35. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

27.    Plaintiff demands the following relief:

 

   a.  Judgment against Defendant, awarding the Plaintiff actual damages.

   b.  Judgment against each of the Defendant, awarding the Plaintiff
       Statutory damages

   c.  Judgment against Defendant, awarding the Plaintiff recovery of the
       costs of litigation and reasonable attorney's fees;

   d.  Judgment against Defendant, awarding the Plaintiff punitive damages
       in such amount as is found appropriate; and

   e.  Any other legal and/or equitable relief as the Court deems appropriate.

 

                              Respectfully submitted,

                         /s/ John Carlin
                           John P. Carlin #6277222
                           Suburban Legal Group, LLP
                           1305 Remington Rd., Ste. C
                           Schaumburg, IL 60173
                           jcarlin@suburbanlegalgroup.com
                           Attorney for Plaintiff